UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COGNITIVE EDGE PTE LTD., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-12123-IT |
| | * | |
| CODE GENESYS, LLC, SPRYNG.IO, LLC, SPRYNG.IO ANTHROCOMPLEXITY, LLC, SPRYNG.IO EU LTD., | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER
November 7, 2019

TALWANI, D.J.

I.  Introduction

On October 7, 2019, Cognitive Edge Pte Ltd. ("Cognitive Edge") and Code Genesys, LLC, Spryng.io Anthrocomplexity, LLC, Spryng.io, LLC, and Spryng.io EU Ltd. (collectively, "Code Genesys") entered into a Settlement Agreement to resolve their dispute relating to the action Code Genesys, LLC v. Cognitive Edge PTE LTD, Civ. A. 1:18-cv-12509-IT ("Related Action"), and voluntarily dismissed that action. One week later, Cognitive Edge brought this action, asserting that Code Genesys is in breach of the Settlement Agreement and is harming Cognitive Edge through disparaging statements, Compl. [#1], and sought a Temporary Restraining Order and Preliminary Injunction [#3], asking the court to order Code Genesys to follow the joint disclosure provisions of the Settlement Agreement and to refrain from posting web pages or to otherwise communicate in a matter disparaging Cognitive Edge during the pendency of the action. The court granted Cognitive Edge a Temporary Restraining Order

("TRO") [#15] on October 15, 2019. After Code Genesys entered an appearance in the case, and did not oppose an extension of the TRO, the court extended the TRO to November 12, 2019. Order Extending TRO [#23]. The court heard argument on the Motion for Preliminary Injunction [#3] on November 6, 2019.

After due consideration, the court GRANTS Cognitive Edge's Motion for Preliminary Injunction [#3] as set forth below.

II.     Discussion

   A.     Jurisdiction

Code Genesys opposed the Motion for Preliminary Injunction [#3] on the sole ground that the court lacks subject matter jurisdiction. See Opp'n to Mot. for Prelim. Inj. [#28]. Code Genesys argues that under Kokkonen v. Guardian Life Ins. Co. of America, absent an "independent basis for federal jurisdiction," enforcement of settlement agreements is generally a matter for state courts. 511 U.S. 375, 382 (1994).

The court agrees that in this case, there must be an independent basis for jurisdiction. The subject matter jurisdiction challenge fails, however, as the Amended Complaint [#26] asserts a federal claim of False Advertising under 15 U.S.C. § 1125(a)(1)(B) ("the Lanham Act"). Am. Compl. 9-11 (Count IV) [#26].[1]

   B.     The Merits of the Motion for Preliminary Injunction

To succeed on a motion for preliminary injunction, a plaintiff "must establish that he is

---

[1] Cognitive Edge, a private limited company based in Singapore, initially asserted diversity jurisdiction as the basis for the court's subject matter jurisdiction. See Complaint [#1]; Civil Cover Sheet [#1-3]. At the hearing, Code Genesys did not dispute that the parties were diverse, but argued that the amount-in-controversy does not exceed $75,000. Because the court has jurisdiction under 28 U.S.C. § 1331, the court does not need to consider whether the amount-in-controversy is less than $75,000.

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The first factor, the likelihood of success on the merits, "is the main bearing wall of the four-factor framework." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996) (internal citations omitted). The party seeking the preliminary injunction bears the burden of "providing a factual basis sufficient to justify a preliminary injunction." Aspect Software, Inc. v. Barnett, 787 F.Supp.2d 118, 121 (D. Mass. 2011) (relying on Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) .

Because Code Genesys's Opposition [#28] focused entirely on the court's lack of subject matter jurisdiction, the facts presented by Cognitive Edge are uncontroverted for the purpose of this motion. Cognitive Edge states that on October 10, 2019, three days after the Settlement Agreement was reached in the Related Action, Cognitive Edge learned from its customers and network members that they had received an email from Spryng.io with a link to its website. Snowden Aff. ¶ 10 [#4-5]. The email contained links to a Spryng.io website maintained by Code Genesys. Id. ¶ 11. The linked web pages contained content and statements relating to "claims about the ownership of the Spryng.io platform and the technology underlying the platform"; "negative comments about Cognitive Edge's patents"; and comments which suggested that this court "considered the merits of the parties' dispute" and agreed with Code Genesys's position. Id. Cognitive Edge asserts that its counsel attempted to contact Code Genesys about this content, asking Code Genesys to remove the content and to make corrective disclosures, and that Code Genesys made changes but that the web pages continued to make false statements and to disparage Cognitive Edge. Id. ¶ 13; Counsel Aff., Exhibits A-C [##4-2, 4-3, 4-4]; Am. Compl. ¶

3

43 [#26]. Code Genesys has not disputed any of these facts.

      i.      *Likelihood of Success on the Merits*

Cognitive Edge asserts that it is likely to succeed on the merits of its breach of contract claims and Lanham Act claims because Code Genesys materially breached the Settlement Agreement's non-disparagement and public disclosure provisions, and in doing so, caused confusion in the market. Mem. in Supp. of Mot. for Prelim. Inj. 11 [#4]; Snowden Aff. [#4-5]. "A plaintiff can succeed on a false advertising claim by proving either that an advertisement is false on its face or that the advertisement is literally true or ambiguous but likely to mislead and confuse consumers." Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 33 (1st Cir. 2000).

In his Affidavit [#4-5], Snowden explains that the non-disparagement and public disclosure provisions of the Settlement Agreement were key aspects to the Agreement. Snowden Aff. ¶¶ 6-8 [#4-5]. Snowden asserts that Code Genesys violated these provisions through misrepresentations made to the market, and that the misrepresentations, relating to the circumstances surrounding the Settlement Agreement, the Related Action, and the validity of Cognitive Edge's patents, are likely to confuse consumers. Id. ¶ 11. Based on these uncontroverted facts, Cognitive Edge has met its burden of showing a likelihood of success on the merits of its Lanham Act claim and the state law claims relating to the breach of the Settlement Agreement.

      ii.      *Irreparable Harm*

"If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." Ross-Simons, 102 F.3d at 19. Cognitive Edge has made an uncontroverted showing that it will suffer irreparable harm to

its reputation absent the removal or retraction of Code Genesys's disclosures. Accordingly, the court finds that Cognitive Edge has met its burden of asserting irreparable harm.

    iii.    *Balance of Equities*

In consideration of the balance of equities, the court finds that the equities tilt in favor of Cognitive Edge. Cognitive Edge's assertion that its business may be irreparably harmed if Code Genesys is not enjoined from misrepresenting the terms of the Settlement Agreement is not disputed. On the other hand, the requested preliminary relief only requires that Code Genesys remove certain information from its webpages and comply with the Settlement Agreement it entered, and Code Genesys has not asserted how or whether doing so would cause harm. Accordingly, the balance of the equities favors Cognitive Edge.

    iv.    *Public Interest*

Finally, considering the public interest in enforcing contracts and prohibiting market confusion, the court finds that the public interest supports granting a preliminary injunction in this case.

III.    <u>Conclusion</u>

The court GRANTS Plaintiff's <u>Motion for Preliminary Injunction</u> [#3].

November 7, 2019                                            /s <u>Indira Talwani</u>
                                                                                United States District Judge