UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNITIVE EDGE PTE LTD.,<br>    Plaintiff,<br><br>v.<br><br>CODE GENESYS, LLC,<br>SPRYNG.IO, LLC<br>SPRYNG.IO ANTHROCOMPLEXITY, LLC,<br>SPRYNG.IO EU LTD<br>    Defendants. | CIVIL ACTION NO.: 1:19-cv-12123 |

**PLAINTIFF COGNITIVE EDGE PTE LTD.'S OPPOSITION TO
DEFENDANTS' RULE 59 MOTION**

Plaintiff Cognitive Edge Pte Ltd. ("Cognitive Edge") submits this memorandum in opposition to Defendants' Rule 59 Motion to Amend and Direct the Entry of a New Judgment or to Order a New Trial.

Defendants' Motion is made pursuant to Fed. R. Civ. P. 59(a)(1)(B) and Fed. R. Civ. P. 59(a)(2), and requests that the Court take one of the following two actions: (1) direct a new judgment in Defendants' favor; or (2) reduce the attorneys' fee award. The Court should reject Defendants' motion because the Court has already considered all of the Defendants' arguments and the Defendants' have waived any right to object to the award of attorney's fees.

**I. INTRODUCTION**

Under Federal Rule of Civil Procedure 59(a)(1)(B), following a nonjury trial the district court may grant a new trial on some or all of the issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Further, under Rule 59(a)(2), "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been

entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

"A court should grant a motion under Rule 59(a)(2) only to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence. The purpose of Rule 59(a)(2) is not to introduce new evidence that was available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits." *Ashraf-Hassan v. Embassy of France*, 185 F. Supp. 3d 94, 112 (D.D.C. 2016) (quoting *Chavez v. City of Albuquerque*, 640 F.Supp.2d 1340, 1343 (D.N.M. 2008). The Court "should be most reluctant to set aside that which it has previously decided unless convinced that ... refusal to revisit the earlier decision would work a manifest injustice. ... Rule 59 is not a vehicle for relitigating old issues ... or otherwise taking a 'second bite at the apple.'" *Barnes v. Alves*, 304 F.R.D. 363, 366–67 (W.D.N.Y.2015) (citations omitted). "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Ashraf-Hassan*, at 112 quoting Wright & Miller, 11 Fed. Prac. and Proc. § 2804 (3d ed.). The purpose of a Rule 59(a)(2) motion "is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." *Lyons v. Jefferson Bank Trust*, 793 F. Supp. 989, 991 (D. Colo. 1992). The purpose is not "to introduce new evidence that was available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits." *Id.* "[A] trial court should not grant a new trial merely because the losing party can probably present a better case on another trial." *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (5th Cir. 1995) quoting 6A James W. Moore et al., Moore's Federal Practice ¶ 59.08[2], at 59-97 (2d ed. 1989).

In the present case there has been no manifest errors of law or fact, and, therefore, the

Court should deny Defendants' motion.

## II. BACKGROUND

Plaintiff is confident that the Court is very familiar with the facts and history of this case and will spare the Court a detailed summary. It is sufficient to say that the parties participated in a failed joint venture that gave rise to their prior law suit which was settled prior to trial on the merits. The parties memorialized this settlement in an agreement ("Settlement Agreement", Trial Exh. 1) dated October 7, 2019. Defendants endeavor to present a "statement of facts" in their motion. However, this statement is not undisputed and is not agreed to by the parties. For example, Cognitive Edge disputes all of the Defendants' claims regarding the prior law suit. (See Defendants' Memorandum Dkt. 93 at 3). However, the Defendants' incorrect characterization of the facts regarding the parties' prior relationship is of no import because the parties entered into the Settlement Agreement in order to resolve their prior dispute. Defendants breached the agreement and were enjoined by the Court for the duration of the present litigation. After issuing a temporary injunction, a permanent injunction and conducting a trial on the merits, the Court has now found that Defendants' breached the settlement agreement and assessed damages against Defendants. (See Court's Findings of Fact and Conclusions of Law, Dkt. 84). This motion is an attempt by the Defendants' to undue the precise, diligent and thorough work of the Court.

## III. THE BREACH OF CONTRACT CLAIM WAS CORRECTLY DECIDED

Under Massachusetts law, the elements of a breach of contract claim require that "there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result." *Squeri v. Mount*

*Ida College*, 954 F.3d 56, 71 (1st Cir. 2020), quoting *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 46 N.E.3d 24, 39 (2016).

### A. COGNITIVE EDGE SUFFERED HARM

Defendants argue that the Court incorrectly decided Cognitive Edge's breach of contract claim because Cognitive Edge did not prove any damages at trial. Defendants' argument rests solely on their contention that the only damages awarded by the Court were attorneys' fees and that attorneys' fees cannot qualify as an element of a breach of contract claim. However, Defendants' argument misses the mark. The Defendants have apparently overlooked the basis of the Court's decision. The Court found that the damages incurred by Plaintiff were related to mitigating harm done to Cognitive Edge as a result of Defendants' breach of the settlement agreement. "Plaintiff's legal fees incurred in contacting Defendants' counsel and having the original website modified and in obtaining the temporary restraining order and preliminary injunction were reasonable post-breach expenditures made in mitigating the breach [of the settlement agreement]." (Dkt. 84 at 21). The Court correctly found that "[d]amages are recoverable for special losses incurred in a reasonable effort, whether successful or not, to avoid harm that the defendant had reason to foresee as a probable result of his breach when the contract was made." *Id*. at 20-21, quoting *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass 451, 484-85 (1991). The Court also correctly found that the attorney's fees associated with mitigating the breach were sufficient to sustain the breach of contract claim because "Defendants' defaming and disparaging statements were the type of statements that would likely lead to loss of good will, and Plaintiff's efforts to mitigate that loss by seeking to have the statements removed from the public view were in keeping with its duty to mitigate." (Dkt. 24 at 21.

Cognitive Edge's efforts to mitigate were at least partly successful, because in its orders

for temporary and preliminary injunctions the Court ordered that the Defendants "remove information from their website or websites referring to Plaintiff, its products, property, employees or business, within twenty-four (24) hours" of the Court's order. (Dkts. 15, 23 and 31). The Court also ordered Defendants to refrain from defaming or disparaging Cognitive Edge ….through the pendency of this action. (Dkt. 31). Defendants do not dispute the concept that damages resulting from Cognitive Edge's mitigation efforts and the avoidance of further harm from the Defendants' breach are recoverable. Instead, Defendants just argued that, to the extent that these mitigation related damages constitute attorneys' fees, these damages cannot constitute harm to the Plaintiff's from the breach of the agreement. However, unlike the cases cited by Defendants, in the present case the portion of the attorneys' fees that make up the damages element are not related to the prevailing party provision of the settlement agreement.[1] The portion of Cognitive Edge's attorneys' fees related to its mitigation efforts may serve as an element of the breach of contract claim. *See Anthony's Pier Four, Inc.; see also, Matter of Parkview-Gem, Inc.*, 465 F.Supp. 629, 636 (W.D.Mo. 1979) "a party may recover expenses incurred in the exercise of reasonable diligence to prevent or minimize damages resulting from breach of his contract."), *Tampa Elec. Co. v. Nashville Coal Co.*, 214 F.Supp. 647, 652 (M.D.Tenn. 1963)("the wronged party, in making a reasonable attempt to avoid the consequences of defendant's breach, incurs losses or additional expenses, such losses or additional expenses are recoverable as damages")(citing Restatement, Contracts, Sec. 336(2)). Thus, Defendants argument must once again fail.

---

[1] The portion of the attorneys' fees related to mitigation of Defendants' breach of the settlement agreement were incurred through November 7, 2019. (Dkt 84 at 34).

## B. DEFENDANTS' BREACHED THE NON-DISPARAGEMENT PROVISION

Defendants, once again, argue that they did not breach the Settlement Agreement because the terms "defaming" and "disparaging" require proof of the tort of defamation or commercial disparagement. (Dkt. 93 at 15). This argument is simply a request for a "second bite of the apple", and is not proper for a Rule 59 motion. *Barnes v. Alves*, 304 F.R.D. at 366–67. The Court has already considered this argument by Defendants, and properly reached the following conclusion:

> The court looks instead to the "plain meaning" of "defaming or disparaging," see id., which includes both "publication of a false statement" about the protected party to others, see Defs.' Tr. Br. 6, 10-11 [#73], and "depreciate[ion] by indirect means (such as invidious comparison)," "speak[ing] slightingly about," or "lower[ing] in rank or reputation." Disparage Definition, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/disparage (last visited December 17, 2020). This meaning is consistent with the scope of protection included in the contract, which under the heading "Public Statement/Non-Disparagement" protects not only the businesses and connected individuals as noted above, but also the businesses' "products, services, finances, financial condition, capabilities, or other aspect of their businesses." Exh. 1 ¶ 8.
>
> In sum, the court finds the term "defaming or disparaging" unambiguous and proceeds to consider whether there was a breach based on the plain meaning of the term.

(Dkt. 84 at 15-16). The Court's ruling was correct for the reasons stated in its well-reasoned opinion and should not be disturbed.

Defendants also argue, based on their incorrect definition of defamation and disparagement, that Cognitive Edge failed to prove that each of the Defendants' statements were false statement of facts. However, Defendants only point to one document (a patent "Opinion Letter") that they allege does not support the Court's decision that Defendants made defamatory and disparaging statements. But, as the Court correctly noted, the suggestion in the Opinion Letter that Cognitive Edge's patents may be found invalid was "harmful to Cognitive Edge's product's marketability." (Dkt. 84 at 18).

Defendants also argue that their alleged motivation for making certain statements immunizes them from breaching the agreement. Defendants claim that they made certain statements in an effort to rehabilitate their own reputation. However, as the Court correctly noted, the parties agreed to the abide by the Settlement Agreement in order resolve the prior litigation and address forward-looking issues only and without any resolutions of the allegations of prior wrong doing. (Dkt. 84 at 17). The parties' litigation counsel drafted the terms of the settlement agreement in a "good faith attempt to have the parties move forward with their respective businesses without harming each other." (Dkt 84 at 16, n. 8). Thus, the Defendants bargained away their right to make damaging statements regarding Cognitive Edge. Defendants' request for the Court to change the definition of the terms "defaming" and "disparaging" should be rejected.

## IV. DEFENDANTS WAIVED THEIR OBJECTION TO THE ATTORNEYS' FEES

Defendants argue that the award of attorneys' fees should be reduced significantly to discount the time spent by Plaintiff's counsel on the issues on which Plaintiff did not prevail. However, Defendants offer no specific proposal regarding how much the fees should be discounted. Furthermore, Defendants already waived this argument. At trial, the Court found that Defendants "do not dispute that the attorney's fees of $133,792.92 proven at trial should be awarded on the court's finding that Plaintiff is the prevailing party on the breach of contract claim." (Dkt. 84 at 34). Thus, Defendants have waived any objection to this award. *Harley-Davidson Motor Co., Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir.1990) (citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)) (Rule 59(e) motions are "aimed at reconsideration, not initial consideration."). Defendants should not use their Rule 59 motion to "raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268

(7th Cir.1986)).

WHEREFORE, for the foregoing reasons, the Court should deny Defendants Rule 59 Motion.

> Respectfully Submitted,
>
> PLAINTIFF,
> COGNITIVE EDGE PTE LTD.,
>
> By its attorneys,
>
> /s/ Howard N. Shipley
> Brian J. Wall
> bwall@grsm.com
> (617) 902-0083
> GORDON REES SCULLY MANSUKHANI, LLP
> 21 Custom House Street, 5th Floor
> Boston, MA 02110
>
> Howard N. Shipley
> hshipley@grsm.com
> 202-372-9075
> GORDON REES SCULLY MANSUKHANI, LLP
> 110 KING STREET, SUITE 520
> Alexandria, VA 22314

Dated: March 2, 2021

# **CERTIFICATE OF SERVICE**

  I, Howard N. Shipley, hereby certify that on this day, March 2, 2021, a copy of the foregoing document was served electronically on counsel of record by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF).

                /s/Howard N. Shipley
                Howard N. Shipley