UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COGNITIVE EDGE PTE LTD., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-12123-IT |
| | * | |
| CODE GENESYS, LLC, SPRYNG.IO, | * | |
| LLC, SPRYNG.IO | * | |
| ANTHROCOMPLEXITY, LLC, | * | |
| SPRYNG.IO EU LTD, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

September 30, 2021

TALWANI, D.J.

Following a bench trial in this action between Plaintiff Cognitive Edge Pte Ltd. ("Cognitive Edge") and Defendants Code Genesys, LLC ("Code Genesys"), Spryng.io Anthrocomplexity, LLC, Spryng.io, LLC, and Spryng.io EU Ltd. (collectively "Defendants"), the court found Defendants breached the Parties' Settlement Agreement and the implied covenant of good faith and fair dealing, see Findings of Fact and Conclusions of Law ("Findings & Conclusions") 21, 24 [#84], but that Plaintiff failed to prove its Chapter 93A and Lanham Act claims, id. 26-29. The court awarded Plaintiff $133,792.92 in damages and fees and allowed Plaintiff, as the prevailing party, to file a motion under Federal Rule of Civil Procedure 54(d)(2) to seek recovery of additional attorneys' fees. Id. at 34-35.

Now before the court are the Parties' post-trial motions. For the reasons that follow, Plaintiff's Motion for Attorneys' Fees [#87] is DENIED without prejudice, Defendants' Motion

to Amend and Direct Entry of a New Judgment [#92] is ALLOWED in part and DENIED in part, and Defendants' Motion to Stay Execution on the Judgment and Any Proceeding to Enforce the Judgment Pending the Resolution of All Post-Trial Motions and Appeal [#95] is DENIED.

I.   Background

The court's Findings of Fact and Conclusions of Law [#84] sets forth the details of the Parties' dispute.

II.   Motion to Amend Judgment

Defendants argue that Cognitive Edge did not have legally cognizable damages and failed to prove Defendants breached the non-disparagement provision; thus, Defendants argue, Cognitive Edge's breach of contract and breach of the implied covenant of good faith and fair dealing claims fail and judgment should enter for Defendants. Mem. in Support Mot. Amend 11-12; 14-16 [#93].[1]

A.   Legal Standard

"[I]t is very difficult to prevail on a Rule 59(e) motion. The general rule in [the First Circuit] is that the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)); see also Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007). "[A] party may not utilize these motions to assert new theories not raised at trial [and] the decision to grant or deny a motion to amend lies with the discretion of the court." Rockland Trust

---

[1] Although the full title of this motion is Defendants' Rule 59 Motion to Amend and Direct the Entry of a New Judgment or to Order a New Trial [#92] (emphasis added), and although the Memorandum in Support 10-11 [#93] cites Rule 59's language concerning motions for new trials, Defendants have included no request for a new trial. See Mot. 1-2 [#92]; Mem. 14, 17 [#93]. Defendants' alternative request that the court reduce the attorneys' fees awarded to Plaintiff is discussed in section III below.

Co. v. Computer Associated Intern., Inc., Civ. Action No. 95-11683-DPW, 2008 WL 3824791, at *2 (D. Mass. Aug. 1, 2008) (citing Dash v. Chicago Ins., Co., No. 00-11911-DPW, 2004 WL 2337021, at *1 (D. Mass. Oct. 18, 2004); Sequa Corp. v. GBJ Corp., 156 F.3d 136, 143 (2d Cir. 1998)).

    B. Defendants' Request for Entry of Judgment in Their Favor

       Because Defendants have not proffered newly discovered evidence, to prevail on their Rule 59(e) motion they must establish a manifest error of law. Defendants argue there were two such errors: (1) the conclusion the non-disparagement provision was breached; and (2) the conclusion Plaintiff proved legally cognizable damages. The court addresses these in turn.

       1.  Breach of the Non-Disparagement Provision

       The court found Defendants made false and disparaging statements about Plaintiff in various communications by implying Defendants prevailed on the merits in the prior lawsuit and had "full ownership of and rights over the technologies and other capabilities embodied in the Spring.io Platform" and that this breached the Settlement Agreement's non-disparagement provision. Mem. in Support Mot. Amend 14-19 [#93].[2] The court reached this conclusion after finding that the Settlement Agreement language was unambiguous and should be given its plain meaning, and should not be construed, as Defendants argued in their post-trial brief, as requiring proof of the tort of defamation or commercial disparagement. Findings & Conclusions 14-16

---

[2] The non-disparagement provision reads:

> The Parties undertake, on behalf of themselves and any person acting by, through, under, or in concert with them, to refrain from defaming or disparaging any of the Parties, their products, services, finances, financial condition, capabilities, or other aspect of their business, or any former or existing employees, managers, directors, officers, or agents of, or contracting parties with any of the Parties. These undertakings apply in any medium and by any method to any person or entity without limitation in time.

Trial Exhibit ("Tr. Exh.") 1.

[#84]. As the court explained, "[n]othing in the contract language suggests that the contractually prohibited conduct is that which would also amount to a tort." Id. at 15. Defendants' Memorandum in Support of Motion to Amend [#93], which repeats Defendants' earlier arguments, does not demonstrate the court's prior conclusions are manifest errors of law.

    2.  Legally Cognizable Damages

The court found the legal fees Plaintiff incurred in an effort to mitigate the impact of Defendants' breach of contract satisfied the damages element of the breach of contract claim. Findings & Conclusions 20-21 [#84] (citing Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 484-85, 583 N.E.2d 806 (1991) (quoting Restatement, Contracts § 336(2)) ("'Damages are recoverable for special losses incurred in a reasonable effort, whether successful or not, to avoid harm that the defendant had reason to foresee as a probable result of his breach when the contract was made.'")). The court explained that:

> Plaintiff's legal fees incurred in contacting Defendants' counsel and having the original website modified and in obtaining the temporary restraining order and preliminary injunction were reasonable post-breach expenditures made in mitigating the breach. This harm is sufficient to sustain the breach of contract claim where the Defendants' defaming and disparaging statements were the type of statements that would likely lead to loss of good will, and Plaintiffs' efforts to mitigate that loss by seeking to have the statements removed from public view were in keeping with its duty to mitigate.

Id. at 21; see also id. at 33 ("the court . . . finds that Plaintiff's legal fees incurred in contacting Defendants' counsel and having the original website modified and in obtaining the temporary restraining order and preliminary injunction were reasonable post-breach expenditures made in mitigating the breach and are awarded as damages"); 34 ("the court has determined that those fees incurred through November 7, 2019, when the preliminary injunction was entered, were the result of the breach of the non-disparagement provision of the contract").

Cases Defendants cite do not lend support to their argument that Cognitive Edge did not prove legally cognizable damages but instead stand for the proposition (discussed below) that

courts will not assess the award of attorneys' fees under a prevailing party clause until there is a prevailing party. See e.g., Formulatrix, Inc. v. Rigaku Automation, Inc., 344 F. Supp. 3d 410, 432 (D. Mass. 2018); Doucot v. IDS Scheer, Inc., 734 F. Supp. 2d 172, 191 (D. Mass. 2010). Accordingly, to the extent that Defendants' argument is directed to vacating the court's damages finding in the Findings of Fact and Conclusions of Law [#84], the argument fails. The court will, however, correct the judgment to award damages based on the fees incurred prior to the court's November 7, 2019 Order granting Plaintiff's motion for a preliminary injunction, and will address prevailing party attorneys' fees separately under Rule 54(d)(2).

II. Defendants' Motion for Attorneys' Fees and Plaintiff's Request to Reduce the Amount of Fees

Cognitive Edge has requested additional attorneys' fees in the amount of $50,782.40 for its trial preparation, trial, and post-trial briefing, under Federal Rule of Civil Procedure 54(d)(2). Mem. in Support Mot. Fees [#88]. Defendants oppose these fees and argue further that the fees previously awarded must be significantly reduced. Opp'n to Mot. Fees 6 [#94]; Mem. in Support Mot. Amend 17 [#93]. Cognitive Edge responds that Defendants have waived their challenge to the fees already awarded by not raising it earlier.

A. Legal Standard

Federal Rule of Civil Procedure 54(d)(2)(A) provides that "[c]laims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." The Committee Note explains further that Rule 54(d) does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." Rockland Tr. Co., 2008 WL 3824791, at *5 (citing Fed. R. Civ. P. 54(d)(2)(A), Advisory Committee Notes, 1993

5

Amendments). In making this distinction, "courts have differentiated between claims for attorney's fees based on 'prevailing party' contractual provisions," which are considered collateral and may be sought pursuant to a Rule 54(d)(2) motion, and claims for attorneys' fees based on breaches of contract, where "a party's claim for attorney's fees is analogous to contractual damages and should be proven at trial." Id. at *5-6; see also Pride Hyundai, Inc. v. Chrysler Fin. Co., LLC, 355 F. Supp. 2d 600, 602 (D.R.I. 2005) ("Attorneys' fees can be either an element of damages to be proven at trial or a collateral matter to be determined following adjudication of the relevant claims."). "When attorneys' fees are a collateral matter, Rule 54(d)(2) of the Federal Rules of Civil Procedure provides that such '[c]laims for attorneys' fees . . . shall be made by motion . . . filed no later than 14 days after entry of judgment.'" Pride Hyundai, 355 F. Supp. 2d at 602-03 (quoting Fed. R. Civ. P. 54(d)).

B.  Discussion

The court previously found (and has reaffirmed above) that Plaintiff was the prevailing party. Findings & Conclusions 33-34 [#84]. The prevailing party clause, Paragraph 10 of the Settlement Agreement, reads: "This Memorandum of Understanding shall be admissible in any proceeding to enforce the terms thereof, if necessary, and the prevailing party in any such proceeding shall be entitled to recover costs, including reasonable attorneys' fees, incurred thereby." Tr. Exh. 1. As a result, Plaintiff is entitled to recover costs, including reasonable attorneys' fees. Findings & Conclusions 33 [#84].

The court previously awarded Plaintiff, as the prevailing party, attorneys' fees in excess of those fees incurred to mitigate damages that should properly have been addressed by post-trial motion under Federal Rule of Civil Procedure 54(d)(2) and should not have been included as part of the damage award. The court vacates that portion of the award and finds further that

6

Defendants did not waive their challenge to the reasonableness of Plaintiff's prevailing party fee request.

Plaintiff's post-trial Motion for Attorneys' Fees [#87] includes the Shipley Affidavit [#87-2] and a Billing Summary [#87-3] from Shipley's firm, Gordon Rees Scully Mansukhani, LLP ("Gordon Rees"). Shipley states he is "generally familiar with billing rates charged by law firms in the Boston market for legal services rendered in business disputes" and that the rates charged by Gordon Rees are "comparable." Shipley Affidavit ¶¶ 4, 6 [#87-2]. Defendants do not dispute that the rates charged by Plaintiff's attorneys were reasonable.

Shipley states further that the Billing Summary [#87-3] reflect Gordon Rees' attorneys' work for "trial preparation, trial and preparation of Proposed Findings of Fact and Conclusions of Law" in the amount of $50,782.40. Id. at ¶¶ 11, 13. The Billing Summary [#87-3] provides the names of the three timekeepers associated with this action, their billing rates, and the number of hours billed, but does not describe the tasks performed by Gordon Rees attorneys.

Defendants ask the court to discount the trial and post-trial fees because Plaintiff did not prevail on two of its four claims. Where the particular tasks performed by Gordon Rees attorneys are not described, neither the court nor Defendants are able to assess what work was performed in connection with each entry. Accordingly, Plaintiff's Motion for Attorneys' Fees [#87] is denied without prejudice. After conferring with Defendants' counsel pursuant to Local Rule 7.1, Plaintiff may renew its requests for pretrial, trial and post-trial attorneys' fees as appropriate, but shall include sufficiently detailed billing to allow Defendants and the court to determine whether the hours sought are reasonable. Billing records may be filed under seal.

III. Motion to Stay Execution of Judgment

Defendants also moved to stay the judgment pending appeal and for the court to waive

the supersedeas bond (or any other security) requirement through the conclusion of Defendants'

appeal or for the court to reduce the bond amount to $15,000. Mot. Stay Execution of Judgment

¶ 24 [#95]. Plaintiff argued Defendants failed to demonstrate the "extraordinary circumstances"

necessary for the court to waive the supersedeas bond requirement and have failed, through the

Reddy Affidavit [#95-1], to provide an adequate basis for eliminating the bond requirement.

Opp'n to Mot. to Stay Execution of Judgment 4-5 [#97].

    A.  Legal Standard

        Rule 62 of the Federal Rules of Civil Procedure governs a stay of a proceeding to enforce

a district court's judgment. Fed. R. Civ. P. 62. Rule 62(d) allows an appellant to obtain a stay of

a monetary judgment pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d). The

purpose of the supersedeas bond is to "protect the interest of the creditor's right under judgment

during the pendency of appeal," Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir.

2002), "while protecting the other side against the risk that payment cannot be recouped if the

decision should be reversed." In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d

Cir. 2015) (per curiam) (citation omitted).

        Local Rule 62.2 provides that "[a] supersedeas bond staying execution of a money

judgment shall be in the amount of the judgment plus ten (10%) percent of the amount to cover

interest and any award of damages for delay plus Five Hundred and no/100 ($500.00) Dollars to

cover costs, unless the court directs otherwise." L.R. 62.2.

        The Second Circuit has articulated a framework to assess whether the supersedeas bond

requirement should be waived, directing district courts to consider:

> (1) the complexity of the collection process; (2) the amount of time required to
> obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that
> the district court has in the availability of funds to pay the judgment; (4) whether
> the defendant's ability to pay the judgment is so plain that the cost of a bond

would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

<u>In re Nassau County Strip Search Cases</u>, 783 F.3d at 417-18 (citation omitted).[3]

Given the interests implicated by the supersedeas bond requirement, "[t]he power of the court to waive the supersedeas bond requirement should be exercised only in 'extraordinary circumstances.'" <u>Sharp v. Hylas Yachts, Inc.</u>, Civ. Action No. 11-11814-JCB, 2016 WL 10650700, at *2 (D. Mass. Nov. 7, 2016) (quoting <u>Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.</u>, F. Supp. 1147, 1149 (S. D. Ind. 1996) (citations omitted)).

B. <u>Discussion</u>

Defendants submitted the <u>Reddy Declaration</u> [#95-1] in support of their <u>Motion to Stay Judgment</u> [#95]; Ajay Reddy, the Chief Executive Officer of Defendants Code Genesys, LLC, Spryng.io, LLC, Spryng.io Anthrocomplexity, LLC, and Spryng.io EU Ltd., states Defendants are not currently able to satisfy the default amount of a bond or security as required under Local Rule 62.2. Reddy Dec. ¶¶ 4-6 [#95-2]. Reddy states Code Genesys' liabilities are $434,954; that Code Genesys has "recorded operating losses" for four years, including 2020; that Sprying.io LLC has liabilities of $85,010.81; that Spring.io Anthrocomplexity, LLC's has assets of $18,641.50 and liabilities of $275,275.03; and that Spryng.io EU Ltd. has no operations or any

---

[3] The Seventh Circuit has adopted a similar five criteria assessment to determine whether bond requirements should be waived:

"(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district has in the ability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

<u>Cipes v. Mikasa, Inc.</u>, 404 F. Supp. 2d 367, 369-70 (D. Mass. 2005) (quoting <u>Dillon v. City of Chicago</u>, 866 F.2d 902, 904-05 (7th Cir. 1988)).

other assets or liabilities because it is an intellectual property holding company. Id. at ¶¶ 9-16.

Defendants would be entitled to a stay as a matter of right upon posting a supersedeas bond. However, where Defendants are requesting a stay and a waiver of the bond requirement, the court must determine whether Defendants have demonstrated cause for the waiver. Given the representations in the Reddy Declaration [#95-1], the court is concerned that, absent a bond to protect the judgment, Defendants will not have available funds later to satisfy the judgment or that if Plaintiff prevails on appeal, it will take a long time for Plaintiff to obtain the judgment given the representations made concerning Defendants' finances. While the Reddy Declaration [#95-1] provides information concerning Defendants' revenue, liabilities, and assets, and suggests that absent a waiver of the requirement, Defendants will be forced into bankruptcy, these representations do not necessarily support waiver of the supersedeas bond requirement. While the fifth Nassau County factor considers the precarity of a Defendant's financial position in determining whether waiver is appropriate, it does not "envisage waiving the bond requirement because a debtor simply cannot pay . . .  the factor considers a debtor's 'precarious financial situation,' . . . in the context of considering prejudice to other creditors who may have claims to the debtor's property." Butler v. Ross, 16cv1282 (DLC), 2017 WL 6210843, at *3 (S.D.N.Y. Dec. 7, 2017) (emphasis added). "There are other, well-established mechanisms by which debtors who assert they are in serious financial distress can avoid posting a bond. They include filing a bankruptcy petition, which triggers an automatic stay and enjoins collections and enforcement actions by creditors." Id.[4] Accordingly, where the debtor's financial insecurity alone is not a reason to waive the bond, and where the court finds Defendants have not suggested an

---

[4] As demonstrated by the Reddy Declaration [#95-1], Defendants' ability to pay is unclear, thus there can be no argument that waiver is appropriate because Defendants' ability to pay is clear and the bond would be a waste of money. Cf. In re Naussau County, 783 F.3d at 417-18.

acceptable alternative means of securing the judgment, the <u>Motion to Stay Judgment</u> [#95] is DENIED.

Defendants may renew their motion for a stay of the judgment upon posting the supersedeas bond.

IV. <u>Conclusion</u>

For the aforementioned reasons, Defendants' <u>Motion to Amend Judgment and Direct the Entry of a New Judgment or to Order a New Trial</u> [#92] is ALLOWED in part and DENIED in part; Plaintiff's <u>Motion for Attorneys' Fees</u> [#87] is DENIED without prejudice; and Defendants' <u>Motion to Stay Execution of the Judgment and Any Proceedings to Enforce the Judgment</u> [#95] is DENIED.


IT IS SO ORDERED.


Date: September 30, 2021                              /s/ Indira Talwani
                                                     _____
                                                      United States District Judge

11